

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-7-2009

# USA v. Alston

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2639

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Alston" (2009). *2009 Decisions.* Paper 846.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/846

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2639
_____

UNITED STATES OF AMERICA

v.

JESSE LEE ALSTON,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 06-cr-00307)
District Judge: Honorable Christopher C. Conner
_____

Submitted Under Third Circuit L.A.R. 34.1(a),
July 16, 2009

Before: RENDELL, FUENTES, and ROTH, <u>Circuit Judges</u>.

(Opinion Filed: August 7, 2009)

---

OPINION OF THE COURT

---

FUENTES, <u>Circuit Judge</u>:

In 2006, Appellant Jesse Lee Alston was subject to a traffic stop by a Pennsylvania

State Police trooper for a tinted window violation, which led to a search of the car when

-1-

the trooper observed marijuana residue in the center console. During the search, the officer found heroin and marijuana in the car, and in a subsequent interview Alston admitted that both were his. He then pled guilty, pursuant to a plea agreement, to one count of conspiracy to distribute heroin.

A pre-sentence report calculated Alston's Guidelines range to be 41 to 51 months, based on an offense level of 15 and criminal history category of 6. At his sentencing, Alston made no objections to the PSR and raised no grounds for downward departure or variance. The district court sentenced Alston to 51 months' imprisonment, based on his extensive criminal history. He timely filed this appeal.[1]

Alston's attorney, Dennis E. Boyle, subsequently filed a motion to withdraw under Anders v. California, 386 U.S. 738 (1967). We will allow the motion to withdraw and will affirm Alston's plea and sentence.

In Anders, the Supreme Court held that a criminal defendant's appeal may be dismissed on the merits and his counsel permitted to withdraw if, after his attorney has conducted a thorough exploration of possible issues on appeal, the attorney "conscientiously concludes, and so advises the appellate court, that there are no meritorious grounds of appeal." 386 U.S. at 741 n.2. Additionally, "the appellate court [must be] . . . satisfied from its own review of the record, in light of any points personally raised by the defendant, that appointed counsel's conclusion is correct." id.; see also

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Third Circuit Rule 109.2(a).

The first step in reviewing an Anders brief is therefore to determine whether the appellant's attorney has conducted the appropriate examination of the record for non-frivolous issues for appeal. See United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Here, counsel's Anders brief identifies only the question of whether Alston's sentence was unreasonable under 18 U.S.C. § 3553(a). He notes that an argument about the reasonableness of the sentence would be frivolous because the District Court properly considered the § 3553(a) factors and took them into account in imposing a top-of-the-Guidelines sentence. This assessment is accurate, given the sentencing court's detailed explanation of the grounds for its decision and the reference to proper factors such as Alston's criminal history and likelihood of recidivism. See United States v. Jones, 566 F.3d 353, 366 (3d Cir. 2009) (explaining that a sentence is procedurally reasonable where the sentencing judge correctly calculates Guidelines range, does not treat the range as mandatory, meaningfully considers the § 3553(a) factors, and adequately explains the chosen sentence); United States v. Hoffecker, 530 F.3d 137, 204 (3d Cir. 2008) (noting that a within-Guidelines sentence is more likely to be substantively reasonable than one falling outside the Guidelines range).

The only deficiency in counsel's brief is that it does not address the validity of Alston's guilty plea. However, that alone does not indicate that Boyle did not conduct the necessary "conscientious examination" of the record for appealable issues. See Youla,

241 F.3d at 30 ("Counsel need not raise and reject every possible claim."). Moreover, our own review supports Boyle's implicit judgment that the plea proceeding offers only patently frivolous issues for review. See United States v. Marvin, 211 F.3d 778, 781 (3d Cir. 2000) (stating that even where counsel's Anders brief is inadequate, a court may still dismiss the appeal if its frivolousness is patent). The District Court conducted a thorough plea colloquy pursuant to Federal Rule of Criminal Procedure 11, making every effort to overcome Alston's initial equivocation about his desire to plead guilty. The record shows that Alston's plea was indeed "knowing, voluntary, and intelligent." See Boykin v. Alabama, 395 U.S. 238, 244 (1969) (holding that accused must have "a full understanding of what the plea connotes and of its consequence" for guilty plea to stand as a waiver of constitutional rights).

Alston himself, although offered the opportunity to file a pro se brief, did not choose to do so, and we can identify no other potential grounds for appeal. Therefore, we will grant defense counsel's Anders motion and affirm the sentence imposed by the District Court.[2]

---

[2] We also conclude that this appeal lacks legal merit for purposes of the filing of a petition for writ of certiorari in the United States Supreme Court. See Third Circuit Rule 109.2(b).